UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2709-DSF (SP) | Date | February 8, 2016 |
|---|---|---|---|
| Title | DEMOND HERSHAWN LITTLE v. JIM McDONNELL, Sheriff | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Prosecute**

On April 13, 2015, petitioner Demond Hershawn Little, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On April 17, 2015, the court issued an Order Requiring Response to Petition. In paragraph 12 of that Order, the court instructed petitioner: "Petitioner shall immediately notify the court and counsel for respondent of any change of petitioner's address. If petitioner fails to keep the court informed of where petitioner may be contacted, this action will be subject to dismissal for failure to prosecute. *See* Local Rule 41-6." Local Rule 41-6, states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

On December 28, 2015, the court issued an order and mailed it to petitioner at his address of record, the Los Angeles County Jail in Los Angeles, California. That mailing was returned to the court as undeliverable on January 20, 2016, with an indication petitioner has been released from custody.

It therefore appears petitioner has failed to follow the court's Order to immediately notify the court of a change of address. Petitioner's failure to comply with the court's Order, and failure to comply with Local Rule 41-6, renders this action subject to dismissal for failure to comply with a court order and failure to prosecute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2709-DSF (SP) | Date | February 8, 2016 |
|---|---|---|---|
| Title | DEMOND HERSHAWN LITTLE v. JIM McDONNELL, Sheriff | | |

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **February 22, 2016**, petitioner is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Petitioner may discharge this Order to Show Cause by filing, by that date, a Notice of Change of Address with the court, showing petitioner's correct address. Petitioner is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice.